**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TOLGA ULUSEMRE,

Plaintiff,

v.

LUCIAN BUTTEL, *et al.*,

Defendants.

Case No. 26-2358-JWB-BGS

**ORDER ON MOTION TO DISQUALIFY COUNSEL**

Plaintiffs Tolga Ulusemre and Xiaolei Xu, proceeding *pro se*, sued numerous individual Defendants, including District Judge Toby Crous and Magistrate Judge Angel Mitchell, as well as USD 229 Blue Valley and Spencer Fane, LLP, a Kansas law firm. (*See generally* Doc. 1.) The claims ostensibly allege that Defendants "conspired under color of state law" to deprive Plaintiffs of their right to petition. (*Id.*) Plaintiffs have filed at least nine federal lawsuits as well as at least four state court lawsuits originating from separate investigations that Defendant Blue Valley USD 229 (hereinafter "Defendant USD") conducted into potential misconduct by Plaintiffs' children.

All Defendants have filed motions to dismiss Plaintiffs' claims against them. (*See* Docs. 21, 23, and 35.) Also pending is a motion to impose filing restrictions on Plaintiffs, filed by Defendant USD. (Doc. 27.) Therein, the Defendant USD contends restrictions are necessary "to prevent [Plaintiffs] from continuing their historical pattern of duplicative and vexatious filings designed solely to harass the District and associated parties." (*Id.*, at 1.)

Plaintiffs subsequently filed the present motion to dismiss counsel for Defendant USD, arguing that "attorneys Joseph Hatley, Stephanie Lovett-Bowman, and Madison Perry for knowingly

fabricating material factual assertions to deceive the Court." (Doc. 44, at 1.) Plaintiffs continue that "[t]hese three lawyers have been lying to the courts to cover up the crimes [Defendant USD] committed[.]" (*Id.*) After reviewing the motion, the Court determined that a response from Defendant USD would not be of benefit to the Court's analysis herein. For the following reasons, Plaintiffs' motion is **DENIED**.[1]

In the District of Kansas, motions to disqualify counsel are determined by two sources of authority.

> First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir.1992), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

*Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). *See also* D. Kan. Rule 83.6.1(a) (adopting the Kansas Rules of Professional Conduct). Motions to disqualify are thus "governed by the ethical rules announced by the national profession and considered 'in light of the public interest and the litigants' rights.' " *Cole*, 43 F.3d at 1283 (citing *In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir.1992)).

Construing Plaintiffs' motion liberally,[2] Plaintiffs' motion implicates Kansas Rule of Professional Conduct 3.3, which prohibits attorneys from knowingly making false statements, offering false evidence, or representing clients that counsel knew intend to engage in fraudulent conduct related to the proceeding. That stated, Plaintiffs' motion wholly fails to provide a basis for

---

[1] Plaintiffs also request relief related to the pending motions to dismiss and motion for filing restrictions. (*See* Doc. 43, at 2.) Those issues will be determined by the District Judge based on the parties' briefing of those underlying motions.

[2] Because Plaintiffs proceed *pro se*, the Court construes their filings liberally and holds him to a less stringent standard than trained lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the Court does not assume the role of advocate for the *pro se* litigant. *Id.*

the Court to even infer that the named attorneys have in any way violated the rules of professional conduct.

The motion consists of a litany of complaints about Defendant USD, but does not include a single factual allegation that even references the identified attorneys. Simply stated, Plaintfs have failed to identify legal authority or factual support to justify the Court placing a limitation on Defendant USD's "right to employ counsel of [its] choice." *See United States ex rel. Tracy v. Emigration Improvement Dist.*, 77 F. App'x 778, 782 (10th Cir. 2017) (quoting *Smith v. Whatcott*, 774 F.2d 1032, 1035 (10th Cir. 1985)).

Thus, Plaintiffs' Motion to Disqualify Counsel (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated this 18th day of September, 2026, at Wichita, Kansas.

/S/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge