IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOLGA ULUSEMRE and XIAOLEI XU,

Plaintiffs,

v. Case No. 26-2358-JWB

TOBY CROUSE, et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss and motion to impose filing restrictions on Plaintiffs. (Docs. 21, 23, 27, 35.) The motions are fully briefed and are ripe for decision. (Docs. 22, 24, 28, 30–1, 37, 39–41, 45, 50.) The motions are GRANTED for the reasons stated herein.

**I. Facts and Procedural History**

Plaintiffs Tolga Ulusemre and Xiaolei Xu bring this 42 U.S.C. § 1983 action against two federal judges, a school district, and attorneys representing the school district. Plaintiffs also bring a negligence claim against the attorneys' law firm. The following facts are taken from Plaintiffs' complaint. (Doc. 1-1.) The court assumes their truth for the purposes of this order *but is not required* to accept legal conclusions—or legal conclusions couched as factual contentions—as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877–78 (10th Cir. 2017).

Plaintiffs' sons, A.U. and D.U., were previously enrolled at Wolf Springs Elementary, a Blue Valley School District ("Blue Valley") school. (Doc. 1-1 at ¶¶ 5–7.) Plaintiff Xu worked at the same school as a paraprofessional. (Doc. 1-5 at ¶ 2.) In February 2023, the Blue Valley Teachers Association ("Association") sought to eliminate Plaintiffs and their family from the

school community. (*Id.* at ¶ 5; Doc. 1-1 at ¶ 5.) According to Plaintiffs, members of the Association alleged that eight-year-old D.U. made a "murder list," ten-year-old A.U. "was trying to make bombs," and Plaintiff Ulusemre threatened school staff. (Doc. 1-1 at ¶ 5.) Blue Valley subsequently transferred A.U., D.U., and Plaintiff Xu to other Blue Valley schools. (*Id.* at ¶ 6; Doc. 1-5 at ¶ 2.) The February 2023 incident, announcements from Blue Valley, and school transfers "created a hostile environment" for Plaintiffs and "forced them out of the district." (Doc. 1-1 at ¶ 7; *see* Doc. 1-5 at ¶¶ 1–2.) Plaintiff Xu quit her job with Blue Valley following the February 2023 school year after she was transferred from a general paraprofessional role to a special education paraprofessional role. (Doc. 1-5 at ¶ 2.) Plaintiffs also unenrolled D.U. and A.U. from Blue Valley schools in spring 2024 and spring 2025, respectively. (Doc. 1-1 at ¶ 7.) Plaintiffs argue D.U. and A.U.'s unenrollment amounts to an improper "constructive dismissal." (*Id.* at ¶¶ 7, 25, 29, 81.) Plaintiffs have filed five Individuals with Disabilities Education Act (IDEA) due process complaints with the Kansas State Department of Education ("KSDE") and eight federal lawsuits stemming from the February 2023 incident and their children's education at Blue Valley.[1] (*See id.* at ¶¶ 8–25, 29, 37, 42, 45, 48, 53; Doc. 1-4.)

**A. KSDE Due Process Complaints**

In May 2024, Plaintiffs filed a due process complaint ("due process complaint #1") against Blue Valley with KSDE. (*Id.* at ¶ 8.) The KSDE hearing officer dismissed Plaintiffs' claims related to the February 2023 incident and quashed Plaintiffs' subpoena to obtain their children's evaluation data because it was not relevant to the allegations in the complaint. (*Id.* at ¶ 10). Even

[1] A thorough recitation of Plaintiffs' interactions with Blue Valley can be found in a recent order issued by this court. *See Ulusemre, et. al., v. Kans. State Dep't of Edu., et. al.,* No. 24-4095-TC-ADM, 2206 WL 2583015, at **2–4 (D. Kan. July 31, 2026).

after this partial dismissal, due process complaint # 1 still had remaining claims regarding A.U. and D.U.'s evaluations (*See* Doc. 1-4.)

In September 2024, Plaintiffs filed a second due process complaint ("due process complaint # 2") with KSDE, alleging misconduct by Blue Valley Assistant Superintendent Mark Schmidt. (*Id.* at ¶ 11; *see* Doc. 1-4.) The hearing officer consolidated due process complaints #1 and #2 over Plaintiffs' objections and dismissed due process complaint #2. (*Id.* at ¶ 12.) Plaintiffs then dismissed due process complaint #1. (*Id.* at ¶ 13.)

After unsuccessful discussions with Blue Valley board attorney Melissa Hillman and principal Suzanne Martin, Plaintiffs filed a third due process complaint ("due process complaint #3") in February 2025. (*Id.* at ¶¶ 15–16.) The KSDE hearing officer dismissed due process complaint #3 based on res judicata and statute of limitations. (*Id.* at ¶ 16.) Plaintiffs then unenrolled A.U. from Blue Valley in May 2025 and filed a fourth due process complaint in July 2025 ("due process complaint # 4"). (*Id.* at ¶ 17.) The hearing officer dismissed all issues related to the 2023-2024 school year in due process complaint #4 under res judicata. (*Id.* at ¶ 18.)

Plaintiffs filed a fifth due process complaint ("due process complaint #5") in November 2025. (*Id.* at ¶ 22.) The KSDE hearing officer dismissed due process complaint #5 based on res judicata, statute of limitations, and lack of jurisdiction. (*Id.* at ¶ 23.) In April 2026, Blue Valley informed Plaintiffs "out of the blue" that A.U. would be "exited from services." (*Id.* at ¶ 24.) Plaintiffs also allegedly received notice from Blue Valley which stated A.U. had been "withdrawn" from Blue Valley and requesting Plaintiffs handle A.U.'s remaining meal balance.[2] (*Id.*) According to Plaintiffs, Blue Valley wants to ensure their children are permanently unenrolled and

[2] The court notes it is unclear from the complaint what "services" A.U. had been receiving from Blue Valley. Plaintiffs allege they unenrolled A.U. from Blue Valley in spring 2025 and enrolled their children in a private school. (*See* Doc. 1-1 at ¶¶ 7, 97.)

that Plaintiffs are unable to obtain "key evidence" that proves their conspiracy allegations. (*Id.* at ¶¶ 25, 27; Doc. 1-5 at ¶¶ 10–11.)

### B. Federal Lawsuits

From October 2024 to December 2025, Plaintiffs filed eight federal lawsuits in the District of Kansas.[3] (*See* Doc. 1-7.) According to Plaintiffs, all the lawsuits filed stem from the allegations Blue Valley made against D.U., A.U., and Plaintiff Ulusemre. (Doc. 1-5 at ¶¶ 8, 10.) Over time, Plaintiffs' cases were all reassigned to United States Magistrate Judge Angel Mitchell and United States District Judge Toby Crouse ("Judicial Defendants"). (Doc. 1-1 at ¶¶ 38, 43, 46, 48–51, 53; *see* Doc. 1-7.) Plaintiffs allege Judicial Defendants "went outside their jurisdictions" to reassign the cases to themselves and "Blue Valley and its allies/accomplices/proxies have fought incredibly hard to obtain improper court orders." (*Id.* at ¶ 87; Doc. 1-5 at ¶ 10.) Plaintiffs allege there is an ongoing judicial conspiracy involving Judicial Defendants, Stephanie Bowman, Joseph Hatley, and Madison Perry ("Spencer Fane Attorneys"), and Blue Valley. (Doc. 1-1 at ¶ 28.) The conspiracy involves "doing everything it takes" to prevent Plaintiffs from obtaining key evidence they assert will prove their allegations against Blue Valley. (*Id.* at ¶ 29.) This evidence includes "the police report on the murder list and bomb allegations against D.U. and A.U.", internal Blue Valley emails, and A.U. and D.U.'s evaluation data. (*Id.* at ¶ 27, 29.) In support of this conspiracy, Plaintiffs cite several rulings in their cases, including "discovery stay orders"; "out of place" case consolidations; "cases pending for several months for no good reason"; "prompt and premature

[3] The court takes judicial notice of Plaintiffs' eight other cases in this district and will accordingly cite the docket and filings in these cases. *See Jaiyeola v. Garmin Int'l, Inc.*, No. 2:20-CV-02068-HLT, 2021 WL 2515023, at *11 (D. Kan. June 18, 2021), *aff'd*, No. 21-3114, 2022 WL 1218642 (10th Cir. Apr. 26, 2022) (taking judicial notice of plaintiffs three cases filed in other judicial districts) (citations omitted). *See Ulusemre, et. al., v. USD 229 Blue Valley*, No. 25-2278-TC-ADM; *Ulusemre et. al., v. Hatley, et. al.,* No. 25-2407-TC-ADM; *Ulusemre, et. al., v. USD 229 Blue Valley,* No. 25-2669-TC-ADM; *Ulusemre, et. al., v. Brewer,* No. 2708-TC-ADM; *Ulusemre, et. al., v. Yannacito et. al.,* No. 25-2709-TC-ADM; *Ulusemre, et. al., v. Norris, et. al.,* No. 25-2710-AJP-ADM; *Ulusemre, et. al., v. Merritt, et. al.,* No. 25-2759-TC-ADM; *Ulusemre, et. al., v. Kans. State Dep't of Edu., et. al.,* No. 24-4095-TC-ADM.

denial of" motions; and "rulings and deadlines that are indicative of pre-determined outcomes." (*Id.*) Plaintiffs characterize Judicial Defendants' rulings as "predetermined and unlawful." (*Id.* at ¶ 89.)

On July 2, 2025, Magistrate Judge Mitchell issued an order consolidating Case No. 25-2278 with Case No. 24-4095. *USD 229 Blue Valley,* No. 25-2278-TC-ADM (Doc. 12). On February 12, 2026, Magistrate Judge Mitchell also granted Blue Valley's motion to consolidate Case No. 25-2269 with Case No. 24-4095. *USD 229 Blue Valley*, No. 25-2669-TC-ADM (Doc. 17). After consolidation, Plaintiffs' cases were subject to a discovery stay due to the defendants' pending dispositive motions, which raised immunity defenses. *Kans. State Dep't of Edu., et. al.,* No. 24-4095-TC-ADM (*See* Docs. 47, 51, 170–71). Magistrate Judge Mitchell also issued discovery stays in Case Nos. 25-2407, 25-2708, 25-2709, and 25-2710, pending the defendants' motions to dismiss, which also raised immunity defenses. *See Hatley, et. al.,* No. 25-2407-TC-ADM (Doc. 67); *Brewer, et. al.,* No. 25-2708-TC-ADM (Doc. 12); *Yannacito, et. al.*, 25-2709-TC-ADM (Doc. 23); *Norris, et. al.*, 25-2710-AJP-ADM (Doc. 18).

On June 8, 2026, Blue Valley filed a motion for judgment on Plaintiffs' claims in Case No. 25-2269 and a motion for summary judgment on its claim for attorneys' fees. *Kans. State Dep't of Edu., et. al.*, No. 24-4095-TC-ADM (Docs. 209, 211.) According to Plaintiffs, the administrative records in these cases were deficient because they were "cherry picked and supplied by Blue Valley" without discovery. (Doc. 1-1 at ¶¶ 74–5); *see Kans. State Dep't of Edu., et. al.*, No. 24-4095-TC-ADM (Docs. 203–208.) Plaintiffs allege Blue Valley's motions are "predesigned to be rubberstamped and turned into a final judgment" which will be used to prevent them from filing future lawsuits and cause them financial harm. (*See* Doc. 1-1 at ¶¶ 74-78.) Plaintiffs allege Blue Valley's efforts to impose filing restrictions on them are "aimed at preempting" them from

filing future retaliation lawsuits and lawsuits under the Kansas Open Records Act and IDEA. (Doc. 1-5 at ¶ 11.)

Plaintiffs argue these allegations indicate there is a judicial conspiracy to deprive Plaintiffs of their right to petition Blue Valley in violation of the First Amendment of the United States Constitution. (Doc. 1-1 at ¶¶ 86, 92.) Plaintiffs raise two claims in their complaint against Defendants. In Count I, Plaintiffs allege there was a "meeting of minds" between Judicial Defendants, Spencer Fane Attorneys, and Blue Valley to deprive them of their right to a "fair and swift trial" in their eight federal lawsuits. (*Id.* at ¶ 86.) Count II is a negligence claim against Spencer Fane, LLP ("Spencer Fane"). Plaintiffs assert Spencer Fane breached its duty to employ lawyers who comply with ethics rules by failing to correct its attorneys from engaging in the alleged judicial conspiracy. (*Id.* at ¶¶ 94–7.)

Plaintiffs ask the court to grant them compensatory and punitive damages "in excess of $75,000," "legal costs," and "all rights in discovery." (Doc. 1 at 4.) Defendants have all filed motions to dismiss. (Docs. 21, 23, 35.) Blue Valley has also filed a motion to impose filing restrictions on Plaintiffs. (Doc. 27.)

## II. Standards

<u>Subject Matter Jurisdiction.</u> "Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682, (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the

burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal quotation marks and citation omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, as Judicial Defendants do here, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

Failure to State a Claim. Alternatively, to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se. Lastly, because Plaintiffs proceed pro se, the court is to liberally construe their filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, liberally construing filings does not mean adding factual allegations or constructing a legal theory on Plaintiffs' behalf. *Id.* And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III. Analysis

Before the court can address the merits of a claim, it must have subject matter jurisdiction over the claim. *Heffington v. Puelo*, 753 F. App'x 572, 577 (10th Cir. 2018) (citing *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017)). Judicial Defendants move to dismiss Count I for lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. 35 at 11–15.) Accordingly, the court will first address Judicial Defendants' motion to dismiss on jurisdictional grounds.

### A. Subject Matter Jurisdiction

Judicial Defendants assert the court lacks subject matter jurisdiction over Plaintiffs' claim, to the extent Plaintiff seeks to reverse Judge Crouse and Magistrate Judge Mitchell's rulings, because a district court "lacks jurisdiction to review another federal [district] judge's rulings." *See Blakely v. Crouse*, No. 26-2274-HLT-ADM, 2026 WL 1583922, at * 2 (D. Kan. June 3, 2026); *Wenger v. Severson*, No. 24-1190-DDC-GEB, 2025 WL 2576953, at *4 (D. Kan. Sept. 5, 2025); *Wenger v. Teeter*, No. 24-1191-DDC-GEB, 2025 WL 2576952, at *4 (D. Kan. Sept. 5, 2025). This is because, as Judicial Defendants argue, the proper way to challenge a judicial ruling is to file an appeal, not a separate lawsuit.[4] *See Teeter,* No. 24-1191-DDC-GEB, 2025 WL 2576952, at *4 (explaining Plaintiffs "should've sought review from the Tenth Circuit instead") (citations omitted); *Blakely*, No. 26-2274-HLT-ADM, 2026 WL 1583922 at *3 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) for procedures on appealing a ruling from a magistrate judge). Plaintiffs maintain their claim is not an appeal from Judicial Defendants' prior rulings, but a "self-contained, civil rights action…for an autonomous constitutional injury." (Doc. 45 at 5.)

[4] The court notes that Plaintiffs appealed the order denying their motion for a preliminary injunction to the Tenth Circuit. *See Ulusemre v. Dombrosky*, No. 25-3100, 2026 WL 960019, at *4 (10th Cir. Apr. 9, 2026) (affirming the district court's denial of Plaintiffs' motion for a preliminary injunction on other grounds due to mootness). Plaintiffs have also filed appeals in several of their pending lawsuits in this district. *See* n. 8, *infra.*

The court agrees with Judicial Defendants. The allegations and relief sought in Plaintiffs' complaint concern discrete rulings Judicial Defendants issued in Plaintiffs' eight underlying lawsuits. (*See* Doc. 1-1 at ¶¶ 29, 35, 40, 88–9.) Plaintiffs now seek relief titled "all discovery rights," which liberally construed, is a request for discovery in their ongoing cases that was denied by Judicial Defendants. (Doc. 1 at 2.) Plaintiffs cannot repackage their frustration with the lack of discovery in their eight lawsuits as a constitutional injury. *Blakely*, 2026 WL 1583922, at *2. "[Their] effort does not change the nature of [their] challenge." *Id.* Therefore, to the extent that Plaintiffs requested relief asks the court to overrule the decisions made in Plaintiffs' other cases, the court lacks subject matter jurisdiction.

**B. Judicial Immunity**

Judicial Defendants also move for dismissal on the basis that they are entitled to absolute judicial immunity. (Doc. 35 at 3.) Plaintiffs argue Judicial Defendants' conduct is not immunized because it involves "extrajudicial collusive acts with private parties." (Doc. 45 at 3.) "Absolute judicial immunity bars suits for money damages for acts made in the exercise of ... judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (citation and internal quotations omitted). However, this immunity does not extend to "(1) nonjudicial actions, or (2) judicial actions taken in the complete absence of all jurisdiction." *Crouse*, 2026 WL 1711030, at *3 (citing *Mireles v. Waco*, 502 U.S. 9, 11 – 12 (1991)). The court concludes Plaintiffs fail to plausibly allege that either of these circumstances are present here.

*1. Judicial Acts*

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362

(1978). The immunity attaches to acts which either "'[1] resolv[e] disputes between parties or ... [2] authoritatively adjudicat[e] private rights.'" *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Antoine v. Byers Anderson, Inc.*, 508 U.S. 429, 435–36 (1993)).

Here, Plaintiffs' allegations concern actions Judicial Defendants took while adjudicating Plaintiffs' eight underlying lawsuits. (*See e.g.* Doc. 1-1 at ¶¶ 29, 34, 39–41, 44, 47, 52, 54, 62–8, 72–4, 86–89.) These actions are routinely taken by judges: assigning cases, issuing case management orders, ruling on motions, and dismissing claims. (*See id.*); *see Deelen v. Fairchild*, 2006 WL 2507599, at *3 (10th Cir. Aug. 31, 2006) (quoting *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985), *vacated as moot*, 800 F.2d 230 (10th Cir. 1986) ("“the assignment of cases is… a judicial function in the sense that it directly concerns the case deciding process'"); *Fletcher v. Tymkovich*, 786 F. App'x 826, 828 (10th Cir. 2019) ("Case management and disposition of motions are actions routinely taken by a judge, and Plaintiff dealt with these judges in their judicial capacity.") Plaintiffs argue Judicial Defendants' actions are nonjudicial because they furthered "extrajudicial, collusive agreements with private actors." (Doc. 1-1 at ¶ 89; Doc. 45 at 3.) This allegation is entirely conclusory. Further, "judicial immunity is not overcome by allegations of bad faith or malice," or allegations of "conspiracy by the judge with the prevailing party or others." *Mirales*, 502 U.S. at 11; *Brooks v. Graber*, No. 00-2262-DES, 2000 WL 1679420, at *5 (D. Kan. Nov. 6, 2000), *aff'd*, 15 F. App'x 764 (10th Cir. 2001) (internal citations omitted). Moreover, even "[a] judge who allegedly predetermines a case is still protected by judicial immunity." *Martinez*, 771 F.2d at 435 (citations omitted). Plaintiffs therefore have not plausibly alleged any nonjudicial conduct to overcome Judicial Defendants' absolute immunity.

2. *Absence of Jurisdiction*

Plaintiffs allege Judicial Defendants "went outside their jurisdictions" to appoint all of Plaintiffs' lawsuits to themselves and "impose unlawful rulings." (Doc. 1-1 at ¶¶ 87, 89.) To support this allegation, Plaintiffs rely on an incorrect legal conclusion and a conclusory statement of law, which this court is not required to accept as true. *See McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) ("[a] complaint cannot rely on labels or conclusory allegations—a formulaic recitation of the elements of a cause of action will not do") (internal quotation marks and citations omitted).

Plaintiffs' jurisdictional allegation rests on an incorrect legal conclusion, that case reassignments are not authorized in the District of Kansas. Under Local Rule 40.1, "a judge may return a case to the clerk for reassignment or, with the approval of the chief judge, may transfer the case to another judge who consents to such transfer." D. Kan. Rule 40.1. The rule permits case reassignment "[i]n the interest of justice or to further the efficient disposition of the business of the court." *Id.* Plaintiffs allege the "systematic, non-random" case reassignments show Judicial Defendants engaged in a "'meeting of the minds'" with Spencer Fane Attorneys "to insulate [Blue Valley] from open constitutional liability." (Doc. 30 at 2; Doc. 45 at 3.) But this is no more than a conclusory recitation of the elements needed to state a § 1983 conspiracy claim. (*See* Doc. 1-1 at ¶¶ 86, 92.); *Frasier v. Evans,* 992 F.3d 1003, 1024 (10th Cir. 2021) ("To prove a conspiracy under § 1983, a plaintiff must show at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds…") (internal quotation marks and citation omitted). Indeed, it is common practice in this district to transfer related cases to a single district judge and a single magistrate judge for purposes of judicial efficiency and consistency. Plaintiffs have asserted no facts which show Judicial Defendants improperly assigned their cases or had a "meeting of minds" with Spencer Fane Attorneys. Accordingly, since "[t]he judges' actions were

explicitly within the confines of the court's local rule…it cannot be said the judges acted in clear absence of all jurisdiction." *Fletcher*, 786 F. App'x at 828.

Plaintiffs' claim "fall[s] squarely within the type of claims with which the doctrine of judicial immunity applies." *McKenzie v. Robinson*, No. 10-2127-EFM, 2010 WL 1881073, at *3 (D. Kan. May 10, 2010). Accordingly, the court dismisses Plaintiffs' § 1983 claim against Judicial Defendants with prejudice.[5] *See id.* (concluding the plaintiff's claim is subject to dismissal under Rule 12(b)(6) when the doctrine of judicial immunity applies); *Smith v. Arguello*, 415 F. App'x 57, 59 (10th Cir. 2011) (upholding dismissal of the plaintiff's claims with prejudice, in part due to the doctrine of judicial immunity); *Teeter,* No. 24-1191-DDC-GEB, 2025 WL 2576952, at *7 (dismissing the plaintiff's claim with prejudice pursuant to the doctrine of judicial immunity).

**C. § 1983 Claim**

The remaining Defendants—Spencer Fane Attorneys and Blue Valley—move to dismiss the § 1983 claim on the basis that it fails to state a claim. (Doc. 22 at 8–9; Doc. 24 at 7–9.) To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) the "violation of a right secured by the Constitution and laws of the United States"; and (2) the alleged constitutional deprivation was "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a § 1983 conspiracy claim, a plaintiff must plead that he was "(1) deprived of a constitutional right (2) by a conspiracy comprised of or including conspirators acting under color of state law." *Moses-El v. City and Cnty of Denver*, 2022 WL 17441944, at *17 (10th Cir. 2022) (citing *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990)).

[5] Judicial Defendants also argue for dismissal pursuant to Rule 12(b)(5) due to insufficient service of process. (*See* Doc. 34; Doc. 35 at 13–15.) Given Judicial Defendants' absolute judicial immunity, the court need not address this argument and denies the motion. The court also denies Plaintiffs' application for clerk's entry of default against Judicial Defendants. (Doc. 32.)

Defendants argue dismissal on various grounds. Defendants argue Plaintiffs fail to plead state action necessary for a § 1983 claim. (Doc. 24 at 7–8.) Defendants also argue the complaint fails to plead a plausible agreement or a cognizable constitutional violation. (Doc. 22 at 7–12; Doc. 24 at 8–10.) The court will address each argument.

*1. Conspiracy Comprised of State Officials*

"A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law." *Barnard v. Young*, 720 F.2d 1188, 1889 (10th Cir. 1983). A defendant may "act under color of state law" "because he is a state official, he acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state." *Id.* at 1189 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.") When a plaintiff attempts to show the necessary "state action" by "implicating state officials or judges in a conspiracy with private defendants," as Plaintiffs do here, "mere conclusory allegations with no supporting factual averments are insufficient." *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983). "[T]he pleadings must specifically present facts tending to show agreement and concerted action." *Id.*

Liberally construing Plaintiffs' allegations, Plaintiffs contend that Defendant Blue Valley is a state actor and that the parties also conspired with KSDE officials. (Doc. 1-1 at ¶ 91; *see* Doc. 45 at 4.) Because Defendants do not assert that this is not sufficient, the court will proceed to address the sufficiency of the allegations of the conspiracy between the parties. *See M.T. v. Olathe Pub. Schs. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 1847036, at *6 (D. Kan. Apr. 18, 2018) (noting "[b]ecause § 1983 claims may be asserted only against persons acting under color of state

law, the Court assumes that Plaintiff has attempted to plead this claim against the" public school district).

Plaintiffs fail to plausibly allege a conspiracy between Defendants to deprive Plaintiffs of their right to petition. *See Crabtree By & Through Crabtree v. Muchmore,* 904 F.2d 1475, 1481 (10th Cir. 1990) (discussing *Lugar*, 457 U.S. at 937) ("The requirements however for pleading 'state action' under this 'joint participation' theory are no less stringent than the requirements for pleading a conspiracy."') The complaint recites that Blue Valley, through Spencer Fane Attorneys, filed dispositive motions in Plaintiffs' various lawsuits before Judicial Defendants. (*See e.g.* Doc. 1-1 at ¶¶ 44, 57); *see e.g. Kans. State Dep't of Edu, et. al.*, No. 25-4095-TC-ADM (Docs. 35, 40, 95, 158, 174, 209, 211.) Judicial Defendants in turn held proceedings, managed their case dockets, and ruled on pending motions.[6] *(See* Doc. 1-1 at ¶¶ 35, 66, 72– 3.); *Kans. State Dep't of Edu, et. al.*, No. 25-4095-TC-ADM (Docs. 47, 51, 141, 171, 222). This amounts to ordinary, "'lawful parallel conduct'" in litigation, "not concerted action." *Ulusemre, et al., v. Hatley, et. al.,* No. 25-2407-TC, 2026 WL 2624077, at *8 (D. Kan. July 31, 2026) (quoting *Dennis,* 449 U.S. at 28) (citations omitted).

[6] Notwithstanding Judicial Defendants' absolute immunity, the court notes § 1983 is inapplicable to the challenged actions of Judge Crouse and Magistrate Judge Mitchell. (*See* Doc. 35 at 8–9; Doc. 24 at 7–8); *see Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) (citations omitted) ("Section 1983 has no application to federal officers acting pursuant to federal law"). Plaintiffs' allegations challenge actions Judge Crouse and Magistrate Judge Mitchell took pursuant to federal law while adjudicating their eight federal lawsuits. (*See e.g.* Doc. 1-1 at ¶¶ 88–9) ("District Judge Crouse and Magistrate Judge Mitchell…appoint[ed] all the cases we have filed in the District of Kansas) (Defendants "impose[d]…predetermined and unlawful rulings on us"); *see e.g.* 28 U.S.C. § 1331 (granting federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1343 (granting federal district courts original jurisdiction over various civil actions involving civil rights violations); 28 U.S.C. § 636 (b)(1) (permitting a judge designate a magistrate judge to "hear and determine" pretrial matters pending before the court). The court also declines Plaintiffs' request to construe their claim against Judicial Defendants as a claim asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 45 at 4.) The Supreme Court "has made clear that expanding the *Bivens* remedy is now a disfavored 'judicial activity,'" which the Court itself has refused to do for the last 30 years. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).

Plaintiffs repeatedly assert there was a "meeting of minds" between Defendants but allege no concrete, nonconclusory facts to show when or how this agreement was plausibly formed. (*See* Doc. 1-1 at ¶¶ 69, 86, 34.) ("There was a meeting of minds by Toby Crouse, Angel Mitchell, Joseph Hatley, Madison, Perry, Stephanie Bowman, and Blue Valley USD 229 to deprive us of our right to a fair and swift trial") ("In that sense, there was a meeting of minds between Judge Mitchell and Judge Crouse, who were picking holes in our Complaint so that they could dismiss it more easily") ("The tight deadlines listed in this ruling clearly indicate that there was a "meeting of the minds" on precluding us from doing any discovery.") That Judicial Defendants have ruled against Plaintiffs or issued rulings Plaintiffs disagree with fails to plausibly demonstrate a conspiracy. *See Dennis*, 449 U.S. at 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or joint actor with the judge"); *Muchmore,* 904 F.2d at 1481 ("adoption of orders and adverse rulings, while accompanied by reference to date and explanation of action, demonstrate only conduct associated with resorting to the judicial process.") Plaintiffs instead ask the court to infer a conspiracy existed between Defendants from the reassignment of their cases, case consolidations, and discovery stays. (*See* Doc. 30 at 2–3; Doc. 31 at 2–3.); *see Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 527 F. Supp. 2d 1257 (D. Kan. 2007) ("Parallel behavior may, however, suggest that an illegal agreement exists when accompanied by a so-called plus factor—that is additional evidence from which an understanding among the parties may be inferred") (internal quotation marks and citation omitted).

The court declines this invitation. Even liberally construed, the nonconclusory facts in the complaint fail to plausibly allege an agreement between Defendants to deprive Plaintiffs of their First Amendment right to petition. *See Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ---, 146 S. Ct. 1391, 1399 (2026) ("[T]o nudge a claim 'across the line from conceivable

to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' and to rule out 'obvious alternative explanation[s]' for the defendant's conduct") (quoting *Iqbal*, 556 U.S. at 678, 680; *Twombly*, 550 U.S. at 567). Plaintiffs' federal lawsuits stem from the February 2023 incident and A.U. and D.U.'s education at Blue Valley. (*See* Doc. 1-1 at ¶¶ 28–9; Doc. 1-5 at ¶ 8; Doc. 1-7.) Reassigning Plaintiffs' cases to the same judges with familiarity of the factual circumstances "further[s] the efficient disposition of the business of the court" that the local rules promote. D. Kan. Rule 40.1. Likewise, consolidation is a case management tool this court uses to manage lawsuits involving "common issues of law and fact" as is the case here with Plaintiffs reoccurring litigation involving their experience at Blue Valley. (*See* Doc. 1-5 at ¶ 8 "All the lawsuits filed in the District of Kansas stem from… accusations Blue Valley made against us"); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citation omitted) ("Consolidation of cases is permitted as a matter of convenience and economy…") This court will also issue a discovery stay if "the dispositive motion raises issues as to a defendant's immunity from suit" as occurred throughout Plaintiffs cases. *Myles v. Walmart, Inc.,* No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023) (citation and internal quotation marks omitted); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed"); *see e.g. Kans. State Dep't of Edu. et. al.*, No.25-4095-TC-ADM (Doc. 51); *Norris*, No. 25-2710-AJP-ADM (Doc. 18); *Yannacito, et. al.*, No. 25-2709 (Doc. 23.)

Plaintiffs' allegations "ascribe[] a label of conspiracy rather [than] pleading facts that would plausibly support the conclusion." *Ulusemre, et al.,* No. 25-2407-TC, 2026 WL 2624077, at *8. Accordingly, Plaintiffs fail to plead nonconclusory facts that support a conspiracy between

Blue Valley, Spencer Fane Attorneys, and Judicial Defendants to deprive them of their right to petition.

*2. Deprivation of a Constitutional Right*

Since Plaintiffs fail to plausibly allege a conspiracy comprised of state actors, their § 1983 conspiracy claim must necessarily fail. *Snell v. Tunnell,* 920 F.2d 673, 701 (10th Cir. 1990) (plaintiffs "must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.") (internal quotation marks and citation omitted). Nevertheless, the court will briefly address this element.

The First Amendment right to petition "extends to all departments of the Government" and includes the "right of access to the courts." *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, N.M.*, 993 F.3d 802, 819 (10th Cir. 2021) (internal citation and quotation marks omitted). However, '"the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous *or* malicious."' *Smith v. Krieger*, 389 F. App'x. 789, 799 (10th Cir. 2010) (quoting *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (emphasis added). To establish a denial-of-access claim, a plaintiff must show an "actual injury" to his ability to pursue a non-frivolous legal claim. *Cosco v. Uphoff*, 195 F.3d 1221, 1124 (10th Cir. 1999), *cert denied* 530 U.S. 1031 (2001).

Plaintiffs' complaint fails to meet this standard. Over the last two years, Plaintiffs have filed five KSDE complaints and eight federal lawsuits stemming from their children's education at Blue Valley. (*See* Doc. 1-4; Doc. 1-5 at ¶¶ 7–8; Doc. 1-7.) The First Amendment right to petition confers neither a right to a response from the government, *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007) (citation omitted), nor a right to success in petitioning, *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 532 (2002). Beyond conclusory allegations that

Defendants "sabotage[d]" Plaintiffs' legal proceedings and "unlawfully prevent[d]" discovery, Plaintiffs have shown no facts demonstrating Defendants hindered Plaintiffs' ability to pursue a nonfrivolous claim against Blue Valley in federal court thus far. (Doc. 1-1 at ¶¶ 86, 88.) Plaintiffs' evident frustration with their lack of success in asserting a cognizable legal claim against Blue Valley or obtaining evidence through discovery fails to establish a First Amendment claim. *City of Santa Fe, N.M.*, 993 F.3d at 819 (noting "case law uniformly rejects the contention that the First Amendment guarantees any success when petitioning, rendering the [plaintiff's] First Amendment claim frivolous.")

In sum, Plaintiffs fail to plausibly allege (1) a conspiracy existed between Defendants, or (2) a deprivation of their right to petition. Liberally construing Plaintiffs' complaint, the court does not identify any other asserted bases to hold Defendants liable under § 1983.[7] Accordingly, Plaintiffs fail to state a § 1983 claim.

**D. Remaining State Law Claim**

Plaintiffs also bring a state law negligence claim against Spencer Fane for their failure to "monitor and correct" Spencer Fane Attorneys from participating in the alleged judicial conspiracy with Judicial Defendants. (*See* Doc. 1-1 at ¶¶ 93–7.) Spencer Fane argues Plaintiffs fail to state a negligence claim because under Kansas law, an attorney owes no legal duty to an adversary in

[7] In their reply, Plaintiffs assert they meet the *Monell* standard to hold Blue Valley liable under § 1983 because "final policymaking officials such as the Superintendent, board attorney, and school board itself []" made "the decision to participate in judicial conspiracies against Plaintiffs." (Doc. 31 at 5–6) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). Plaintiffs fail to state a claim because they fail to allege a municipal "policy," "custom," or "decision" that caused their alleged injuries. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (reiterating under *Monell*, the court has "required a plaintiff seeking to impose liability on a municipality…to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.") As explained, Plaintiffs fail to plausibly plead a conspiracy existed amongst Defendants. For similar reasons, the court concludes Plaintiffs' complaint fails to allege sufficient facts which support their allegation that Blue Valley officers "decided to engage in judicial conspiracies" with Judge Crouse and Magistrate Judge Mitchell. "Although we liberally construe *pro se* filings, we do not assume the role of advocate" by adding factual allegations or a legal theory. *Yang,* 525 F.3d at 927 n.1 (10th Cir. 2008).

litigation. (Doc. 24 at 10–12.) Spencer Fane argues the court should exercise supplemental jurisdiction over Plaintiffs' negligence claim and dismiss the claim with prejudice. (*Id.* at 11–12.)

A federal district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Tenth Circuit has stated district courts should exercise discretion over state law claims, notwithstanding dismissal of all federal claims, if "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Plaintiffs only invoke federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. *See* (Doc. 1 at 3.) The court acknowledges the Tenth Circuit has indicated a district court should ordinarily decline to retain supplemental jurisdiction over a remaining state law claim in these circumstances. *See Smith v. City of Enid by & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") However, reviewing the factors, the court concludes it is appropriate to exercise supplemental jurisdiction over Plaintiffs' state law claim here. Plaintiffs' negligence claim against Spencer Fane is entirely frivolous and premised on their unsuccessful § 1983 judicial conspiracy claim against Spencer Fane Attorneys. (Doc. 1-1 at ¶ 95) ("Spencer Fane breached this duty by failing to monitor and correct" Spencer Fane Attorneys' "unethical conduct, which included corruptly conspiring

with judges Toby Crouse and Angel Mitchell.") Given the obvious likelihood Plaintiffs will attempt to refile this claim in state court and the fact that Plaintiffs have engaged in repeated frivolous lawsuits, judicial economy and fairness counsel in favor of retaining supplemental jurisdiction.

To state a negligence claim under Kansas law, a plaintiff must allege:

> (1) the defendant owed a duty to the plaintiff; (2) the duty was breached; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages.

*Adams v. Bd. of Sedgwick Co. Comm'rs*, 289 Kan. 577, 586-87 (2009) (citations omitted).

Kansas courts have consistently held an attorney owes no legal duty to their adversary in litigation. *See Johnson v. Wiegers*, 30 Kan. App. 2d 672, 46 P.3d 563, 568 (2002) ("if the client of the attorney and the third party are adversaries, no duty arises."); *Winkelman v. Tihen*, 167 P.3d 387, 2007 WL 2767973, at *9 (Kan. Ct. App. 2007); *Schroeder v. Brewer*, 389 P.3d 1007, 2017 WL658859, at *6–7 (Kan. Ct. App. 2017). Plaintiffs' negligence claim asserts Spencer Fane, LLP, owed Plaintiffs "the duty to employ lawyers who comply with the ethical code of conduct for lawyers." (Doc. 1-1 at ¶ 94.) Plaintiffs do not allege, and the court has not identified any case in this district, in which Plaintiffs were represented by Spencer Fane Attorneys or Spencer Fane, LLP. Rather, Spencer Fane, LLP and Spencer Fane Attorneys, represented Plaintiffs' adversaries throughout their various federal lawsuits. *See USD 229 Blue Valley*, No. 25-2278-TC-ADM; *Hatley, et. al.,* No. 25-2407-TC-ADM; *USD 229 Blue Valley,* No. 25-2669-TC-ADM; *Kans. State Dep't of Edu., et. al.,* No. 24-4095-TC-ADM; *Merritt, et. al.*, No. 2759-TC-ADM. Accordingly, under Kansas law, neither Spencer Fane, LLP nor Spencer Fane Attorneys owed Plaintiffs a legal duty. *Johnson,* 46 P.3d at 568. Further, Plaintiffs' allegations regarding the breach of this duty center around the frivolous allegations of a judicial conspiracy. (Doc. 1-1 at ¶ 95.) Even if there

were a duty here, they have not alleged a breach of that duty. The court accordingly grants Spencer Fane's motion to dismiss Plaintiffs' negligence claim with prejudice.

**E. Filing Restrictions**

Lastly, the court considers Blue Valley's motion to impose filing restrictions against Plaintiffs. Due to Plaintiffs' continuous filings, Blue Valley requests Plaintiffs be restricted from filing any new pro se suit in any federal district court within the Tenth Circuit that:

> (1) relates to disputes involving their children D.U. and A.U.'s educational experience at Blue Valley, (2) relates to or arises from any previously-filed litigation involving Plaintiffs' children, or (3) relates to or arises from interactions between Plaintiffs and Blue Valley or its employees.

(Doc. 28 at 15–16.)

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citation omitted). In its discretion, the court may place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). Such restrictions can include conditions on the filing of future suits. *Id.* To determine whether to limit a litigant's future access to courts, the court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

The court has reviewed the parties' filings and the factors outlined in *Kettler* and concludes that filing restrictions are appropriate in this case. Plaintiffs have inundated this court with several

unsuccessful pro se suits.[8] Plaintiffs have repeatedly filed motions to disqualify defendants' counsel and sought recusal from the judges overseeing their cases, all of which have been denied. *See e.g.* (Docs. 43, 49); *Kans. State Dep't of Edu.,* No. 24-4095-TC-ADM (Docs. 147, 152, 164, 200–202, 218, 222, 239.); *Hatley, et. al.,* No. 25-2407-TC-ADM (Docs. 84–5, 87, 91.) Plaintiffs then brought this frivolous action against Judge Crouse and Magistrate Judge Mitchell. Plaintiffs' asserted motivation for bringing their lawsuits is undermined by the allegations in their complaint and statements to Blue Valley. (*See* Doc. 1-5 at ¶ 10 "all our lawsuits will conclude in our favor if we are allowed to proceed to discovery") (Doc. 28 at 14; Doc. 37 at 3.) For example, in an October 29, 2025, email exchange, Plaintiff Ulusemre wrote, in part:

> If you do not make the truth about the murder list and bomb hoaxes… we will file a final due process complaint and take it all the way up to the Supreme Court. We will also hold you all responsible for covering up the murder list and bomb hoaxes for the rest of our lives.

(Doc. 28 at 14.)

Plaintiffs' claims have cost Blue Valley "hundreds of thousands of dollars" to defend and imposed unnecessary burdens on this court. (Doc. 28 at 15.) Although the court has dismissed most of Plaintiffs' lawsuits and Plaintiffs have filed appeals, Plaintiffs' have expanded the scope of their claims with the present lawsuit against Judge Crouse and Magistrate Judge Mitchell. The

[8] *See Kans. State Dep't of Edu. et. al.,* No. 24-4095-TC-ADM (Docs. 222, 234) (order granting defendants' motions to dismiss and denying Plaintiffs' various requests for disqualification, recusal, and discovery. Blue Valley's counterclaim for attorneys' fees and motion for summary judgment on one IDEA claim is still pending. Plaintiffs have filed an interlocutory appeal); *Norris*, No. 25-2710-AJP-ADM (Docs. 25 – 26) (judgment entered in favor of the defendants. Plaintiffs have sought relief from judgment); *Hatley*, No. 25-2407-TC-ADM (Docs. 93, 97) (judgment entered in favor of the defendants. Plaintiffs have filed an appeal); *Yannacito, et. al.,* No. 25-2709-TC-ADM (Docs. 35, 38) (judgment entered in favor of the defendants. Plaintiffs have filed an appeal); *Brewer*, No. 25-2708-TC-ADM (Docs. 24, 27) (judgment entered in favor of the defendants. Plaintiffs have filed an appeal); *Merritt, et. al.,* No. 25-2759-TC-ADM (Docs. 37, 41) (judgment entered in favor of the defendants. Plaintiffs have filed an appeal). The court also notes Plaintiffs have brought several related actions in the District Court of Johnson County, Kansas. (*See* Doc. 28.)

court is not satisfied that lesser sanctions or disposal tools can effectively protect this court or other parties.

Accordingly, Plaintiffs Tolga Ulusemre and Xiaolei Xu are now restricted from filing any new pro se lawsuits within the District of Kansas that relate to or arise from (1) disputes involving A.U. and D.U.'s educational experience at Blue Valley, (2) any previously filed litigation regarding A.U. and D.U., or (3) any interactions between Plaintiffs and Blue Valley. If Plaintiffs seek to file a new lawsuit in the District of Kansas and are proceeding pro se, Plaintiffs must first seek leave from the court. Plaintiffs must file a petition with the Clerk of Court requesting leave to file a complaint or other initial pleading that includes:

1. A copy of this Order and any subsequent Order involving filing restrictions;
2. A copy of the proposed complaint or pleading;
3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;
4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

Plaintiffs shall mail or otherwise deliver their submissions to the Clerk of the Court, who shall forward them to a judge of this court for determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The court will either allow the filing or issue an order of denial. Failure to follow these procedures will result in the summary rejection of any future case Plaintiffs attempt to file in this court.

## IV. Conclusion

Based on the forgoing, Defendants' motions to dismiss Count I are all GRANTED and Count I is DISMISSED WITH PREJUDICE. (Docs. 21, 23, 35.) Spencer Fane, LLP's motion to

dismiss Count II is also GRANTED, and Count II is likewise DISMISSED WITH PREJUDICE. (Doc. 23.)

The motion to impose filing restrictions (Doc. 27) is GRANTED and the filing restrictions set forth herein will go into effect immediately.

IT IS SO ORDERED. Dated this 30th day of October, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE